IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FLOYD MILLS, | § | |
| | § | No. 177, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below – Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1307023821 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 16, 2015
Decided: January 6, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

This 6th day of January 2016, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)     Shortly after midnight on July 29, 2013, a man described as wearing a gray mask, green tee shirt, fatigue-style camouflage shorts, and black work gloves, entered a Wilmington social club at 1220 North Claymont Street and held up the club's bartender and another man. The masked man fled the club with $250 in cash from the register and several bottles of liquor. Later that morning, after an investigation initiated by a witness' tip about the robber's whereabouts, the appellant, Floyd Mills, was taken into custody as he was exiting the back door of a

Wilmington residence at 2510 Thatcher Street. Following two searches of the Thatcher Street residence, one without a warrant and the other with a warrant, Mills was arrested and charged with the robbery. Following his arrest, Mills made incriminating statements to the police.

(2) In October 2013, Mills was indicted on charges of Robbery in the First Degree, Possession of a Firearm during the Commission of a Felony, Possession of a Firearm by a Person Prohibited ("PFBPP"), and Wearing a Disguise during the Commission of a Felony. In January 2014, Mills, through his defense counsel, filed a motion to suppress the evidence seized during the searches of 2510 Thatcher Street and Mills' incriminating statements to the police. The Superior Court denied the motion to suppress after a hearing. Mills' trial was scheduled for November 12, 2014.

(3) On November 7, 2014, Mills pled guilty to one count of Robbery in the First Degree and one count of PFBPP. In exchange for the guilty plea, the State dismissed the other charges in the indictment. Also, the State agreed not to seek Mills' sentencing as a habitual offender under 11 *Del. C.* § 4214(b) and to seek sentencing under § 4214(a) only on PFBPP, the lesser of the two felony offenses.[1] For his part, Mills agreed not to oppose the motion seeking his

---

[1] When imposing a sentence under 11 *Del. C.* § 4214(b), the Superior Court must impose a life sentence. When imposing a sentence under 11 *Del. C.* § 4214(a), the Superior Court has the

sentencing as a habitual offender under 11 *Del. C.* § 4214(a) and his sentencing thereunder for PFBPP.

(4) Prior to sentencing, Mills submitted a *pro se* letter asking the Superior Court to withdraw the plea and to assign him new counsel. Mills stated that he was dissatisfied with his defense counsel's representation because counsel took advantage of Mills' learning disability and forced him into taking the plea. By letter dated February 18, 2015, the Superior Court denied Mills' request to withdraw the plea and for the appointment of new counsel, and the matter proceeded to sentencing. At sentencing on March 13, 2015, Mills again told the Superior Court that he was "forced" into taking the plea, had been "taken advantage of," and wanted to withdraw the plea.[2] The Superior Court again rejected Mills' contentions and imposed sentence.

(5) For PFBPP, Mills was declared a habitual offender under 11 *Del. C.* § 4214(a) and sentenced to fifteen years at Level V. For Robbery in the First Degree, Mills was sentenced to ten years at Level V suspended after three years

---

discretion to impose up to a life sentence and must impose the statutory maximum applicable if the operative conviction is a felony listed in 11 *Del. C.* § 4201(c), such as Robbery in the First Degree and, in this case, PFBPP. The statutory maximum for Robbery in the First Degree is twenty-five years. 11 *Del. C.* §§ 832, 4205(b)(2). The statutory maximum for PFBPP, a class C felony in this case, is fifteen years. 11 *Del. C.* §§ 1448(c), 4205(b)(3) (2010 & Supp. 2015).

[2] Hr'g Tr. at 9-10 (Mar. 13, 2015).

3

minimum mandatory for six months at Level III probation. This is Mills' direct appeal.

(6) On appeal, Mills' defense counsel ("Defense Counsel") has filed a no merit brief and a motion to withdraw under Supreme Court Rule 26(c).[3] Defense Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Defense Counsel reports that Mills was informed that he had a right to supplement the brief with written points for the Court's consideration. Mills has submitted as his written points a copy of the motion to suppress filed in the Superior Court and a motion for appointment of new counsel on appeal. The State has responded to Defense Counsel's brief and motion to withdraw, Mills' submission, and has moved to affirm the Superior Court's judgment.

(7) When reviewing Defense Counsel's motion to withdraw and brief under Rule 26(c), the Court must be satisfied that Defense Counsel has made a conscientious examination of the record and the law for arguable claims.[4] Additionally, the Court must conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an

---

[3] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

[4] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

4

adversary presentation."[5]  If the Court finds nonfrivolous issues for appeal, the Court will grant Defense Counsel's motion to withdraw and will appoint new counsel to represent Mills on appeal.[6]

(8)  The Court has carefully reviewed the Superior Court record on appeal and has found "no nonfrivolous issue"[7] with respect to Mills' *pro se* motion to withdraw the guilty plea.  After considering the factors established in *Scarborough v. State* to evaluate such a motion,[8] the Superior Court found no good faith basis to withdraw the plea in this case.  Specifically, the Superior Court found that Mills' motion to withdraw the plea made no assertion that there was a procedural defect in taking the plea and no assertion of legal innocence.  Also, the Superior Court found that Mills admitted the offenses during the plea colloquy[9] and represented in open court that he was knowingly and voluntarily entering the plea.  Finally, the Superior Court found that Mills was adequately represented by Defense Counsel and that withdrawing the plea would be problematic for the State (although

---

[5] *Penson v. Ohio*, 488 U.S. at 81-82.

[6] *Id.* at 80.

[7] *Id.*

[8] *See Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007) (listing factors to consider when evaluating a motion to withdraw a guilty plea).

[9] The Court notes that Mills entered a *Robinson* plea to Robbery in the First Degree.  *See Robinson v. State,* 291 A.2d 279 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).

5

perhaps not prejudicial) because the witnesses had been excused. The Court concludes that the Superior Court's findings are supported by the transcript of the plea colloquy.

(9) Mills' written submission on appeal does not contest the voluntariness of the plea. To the extent the submission is intended to prompt this Court's review of the denial of the motion to suppress, the submission is unavailing. Mills' voluntary guilty plea waived his right to challenge the suppression ruling on appeal.[10]

(10) Having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[11] the Court concludes that the appeal is "wholly without merit."[12] The Court is satisfied that Defense Counsel made a conscientious effort to examine the record and the law and properly determined that Mills could not raise a meritorious claim on appeal.

---

[10] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003) (citing *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988)).

[11] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

[12] *Supra* note 3.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

_/s/ Karen L. Valihura_
Justice