James W. ROBINSON, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

April 26, 1972.

Richard Allen Paul, Asst. Public Defender, Wilmington, for defendant below, appellant.

John P. Daley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

CAREY and HERRMANN, JJ., and DUFFY, Chancellor, sitting.

CAREY, Justice:

The appellant, James W. Robinson, was found guilty, after a jury trial in Superior Court, of murder in the second degree, the punishment for which is life imprisonment. He has appealed from that sentence upon two grounds. He first contends that the trial Judge should have directed an acquittal of the second-degree murder charge, because the evidence was inadequate to justify a finding of malice. He contends, secondly, that the trial Judge erred in refusing to accept his tendered plea of guilty to manslaughter, the maximum imprisonment for which is thirty years.

I.

 Little need be said concerning appellant's first argument. The killing was done by stabbing. An eyewitness testified that the deceased, the appellant, and the witness had all been drinking, although there was some doubt about the degree of appellant's intoxication; that the deceased and the appellant were arguing; and that appellant stabbed the deceased. The Court clearly informed the jury that drunkenness itself is not a defense to a charge of second-degree murder, that it does not reduce the offense to manslaughter, but that it could be considered along with all the other evidence on the issue of malice. This charge was correct. Dashiell v. State, Del.Supr., 2 Storey 189, 154 A.2d 688 (1959). The degree of guilt was for the jury to determine. We find no merit in this contention.

II.

Before the appellant was indicted, his attorney and counsel for the State agreed upon a plea of guilty to manslaughter. An information was accordingly filed charging that offense. When the appellant was arraigned on that information, he offered a plea of guilty. During questioning by the Judge, however, he declined to say that he had in fact committed the killing. He stated that he had no recollection of the event beyond a time when he was hit by someone, which was before the stabbing. The Court allowed him to read the entire police record. After doing so, he agreed that the State's evidence against him was strong; he recognized that his only defense consisted of his own testimony which, because of his amnesia, was weak; indeed, he could not positively deny the killing or offer any excuse or element of mitigation for it. Despite this, he was still unwilling to state affirmatively that he in fact committed the act. The Court then refused to accept his plea. The Grand Jury later indicted him for second-degree murder. At the trial, the State introduced evidence which had been included in the police report, including the testimony of the eyewitness, who testified as indicated above.

In refusing to accept the plea, the presiding Judge followed a rule which we laid down in Brown v. State, Del.Supr., 250 A. 2d 503 (1969) and Muzzi v. State, Del. Supr., 265 A.2d 31 (1970). Those cases required, inter alia, that an offer of a guilty plea must be refused unless the defendant admits commission of the acts constituting the offense. This ruling was based in part upon a practice usually followed in the Superior Court and in part upon our interpretation of Superior Court Criminal Rule 11, which reads exactly as the federal rule of the same number. In Muzzi, supra, we quoted language from McCarthy v. United States, 394 U.S. 459,

89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which we interpreted as requiring "a direct and personal admission by the defendant of conduct constituting the offense to which the guilty plea is beng entered." In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), however, the Court specifically held that there is no constitutional bar to a guilty plea even if the defendant is unable or unwilling to admit his participation in the acts constituting the crime, if the plea is voluntarily, knowingly, and understandingly made, provided there is a factual basis for the plea. The Court pointed out that the states may adopt stricter standards and may prohibit the acceptance of pleas of lesser included offenses, but are not constitutionally obliged to do so.

As indicated above, the present Criminal Rule 11 is taken from the federal rule; interpretation of that federal rule by the federal courts is persuasive, although not necessarily binding upon us.

We have reviewed the policy we previously announced in *Brown* and *Muzzi* and have concluded that it should be modified to the extent herein indicated. There are occasions when justice is best served by the acceptance of a plea offered by a defendant, even though he does not admit guilt. Situations often arise when both the State and the defendant derive benefit therefrom; the present case furnishes a good example. The State was willing to accept the original plea to manslaughter, probably because of our over-crowded dockets and to save the time of the courts, the jurors, and the attorneys, as well as the expense of trial. Moreover, the State could not disprove the existence of the amnesia, and a verdict of guilty of manslaughter was a reasonable possibility. In any event, because he could not truthfully say that he actually stabbed the deceased,

the appellant finds himself in custody for life, instead of thirty years or less. We are convinced that this ought not to be the law. As was said in People v. Bartlett, 17 Mich.App. 205, 169 N.W.2d 337 (1969): "A defendant who desires to plead guilty to a reduced charge but who entertains doubt as to his guilt should not be required to stultify himself to obtain the benefit of the opportunity to plead to the lesser charge."

We now hold, in the light of the *Alford* case, that the rules laid down in *Brown* and *Muzzi* are amended to eliminate the requirement that a defendant must admit his actual commission of the offense charged in order for the trial Judge to accept his plea; if the other requirements laid down in *Brown* and *Muzzi* are met, the plea is to be accepted.

In taking this action, we intend no reflection upon the Judge who refused the plea; he was simply obeying to the letter the mandate of this Court as announced in our earlier decisions.

The case will be remanded with instructions to afford the defendant the opportunity to re-offer the plea of guilty of manslaughter in accordance with this opinion; if all the remaining requirements of *Brown* and *Muzzi* have been or shall be met, the Court below should simultaneously accept the plea, strike the existing conviction and sentence imposed thereunder and impose a new sentence in due course. It should be made clear that the appellant is deemed to have waived any technical deficiencies arising from the future proceedings, which are being taken upon his own request.

The revision in the rules pertaining to guilty pleas, which we here announce, shall have prospective application only, except for the present case.