MICHAEL A. BOWERS, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 251, 2008.
Supreme Court of Delaware.
Submitted: September 4, 2008.
Decided: December 11, 2008.
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 11th day of December 2008, upon consideration of the appellant's opening brief, the State's motion to affirm and the Superior Court record, it appears to the Court that:
(1) The appellant, Michael A. Bowers, filed this appeal from the Superior Court's April 18, 2008 denial of his second motion for correction of sentence. The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Bowers' opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In July 1998, Bowers was indicted by a grand jury on forty-five counts of Unlawful Sexual Intercourse in the First Degree, eight counts of Unlawful Sexual Intercourse in the Second Degree and one count of Continuous Sexual Abuse of a Child. In January 2000, Bowers entered a Robinson plea to five counts of Unlawful Sexual Intercourse in the Third Degree (as lesser included offenses of the first five listed counts of Unlawful Sexual Intercourse in the First Degree) and to the one count of Continuous Sexual Abuse of a Child.[2] The Superior Court sentenced Bowers to a total of fifteen years imprisonment followed by decreasing levels of probation.
(3) Bowers did not appeal from his convictions and sentences. Instead, in 2002 he moved for postconviction relief, which the Superior Court denied.[3] Bowers did not appeal the Superior Court's decision.
(4) In April 2006, Bowers moved to correct his sentence. Bowers argued that his six separate convictions violated the multiplicity doctrine of the double jeopardy clause. The Superior Court summarily denied Bowers' motion, and on appeal this Court affirmed.[4]
(5) Bowers filed a second sentence correction motion in April 2008. By order dated April 18, 2008, the Superior Court denied relief. This appeal followed.
(6) The Superior Court did not err or abuse its discretion in denying Bowers' second sentence correction motion. Having carefully reviewed the parties' positions on appeal and the Superior Court record, it appears to the Court that Bowers' second sentence correction motion was an undisguised attempt to reargue this Court's order denying relief in the appeal from the denial of his first sentence correction motion. In that decision, the Court held that there was no multiplicity violation in Bowers' case.[5]
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] See Robinson v. State, 291 A.2d 279 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).
[3] State v. Bowers, 2002 WL 31830549 (Del. Super.).
[4] Bowers v. State, 2007 WL 2359553 (Del. Supr.).
[5] See Id. (affirming denial of first sentence correction motion).