IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID R. BLISS, | § | |
| | § | |
| Defendant Below, | § | No. 571, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 08004024336 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 27, 2017
Decided: April 5, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 5th day of April 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, David R. Bliss, filed this appeal from a Superior Court order denying his motion for correction of an illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Bliss' opening brief that his appeal is without merit. We agree and affirm.

(2)     The record reflects that, in October 2008, Bliss entered a *Robinson* plea[1] to Rape in the Second Degree, as a lesser included offense of Rape in the First Degree, Unlawful Sexual Contact in the First Degree, and Tampering with a Witness. The State dismissed the remaining charges against Bliss. On October 24, 2008, the Superior Court sentenced Bliss as follows: (i) for Tampering with a Witness, one year of Level V incarceration to be served under 11 *Del. C.* § 4204(k); (ii) for Rape in the Second Degree, twenty-five years of Level V incarceration, suspended after ten years for Level III probation; and (iii) for Unlawful Sexual Contact in the First Degree, three years of Level V incarceration, suspended for Level III probation. Bliss did not file a direct appeal, but did file a motion for postconviction relief under Superior Court Criminal Rule 61. This Court affirmed the Superior Court's denial of the motion for postconviction relief.[2]

(3)     On October 19, 2016, Bliss filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). The Superior Court concluded Bliss made claims that had to be raised under Superior Court Criminal Rule 61 and denied Bliss' motion in a letter dated November 4, 2016. This appeal followed.

(4)     As he did below, Bliss argues that his sentence is illegal because it was based on false information—namely, his counsel incorrectly informing the

---

[1] *Robinson v. State*, 291 A.2d 279, 281 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).
[2] *Bliss v. State*, 2011 WL 153609 (Del. Jan. 12, 2011).

2

Superior Court that his wife and co-defendant pled guilty to Tampering with a Witness when she in fact pled guilty to Hindering the Prosecution. Bliss' argument constitutes a claim that his sentence was imposed in an illegal manner.[3] Absent extraordinary circumstances or an application by the Department of Correction under 11 *Del. C.* § 4217, the Superior Court will not consider a motion for correction of a sentence imposed in an illegal manner filed more than ninety days after imposition of the sentence.[4]

(5)     Bliss filed his motion more than ninety days after the imposition of his sentence. Bliss has not shown extraordinary circumstances to justify review of his untimely motion. Nor has the Department of Correction filed an application under 11 *Del. C.* § 4217. We therefore affirm the Superior Court's denial of Bliss' motion, albeit on different grounds from those relied upon by the Superior Court.[5]

---

[3] *See, e.g., Colon v. State*, 900 A.2d 635, 638 n.11 (Del. 2006) (claim that trial judge relied on unreliable facts to sentence defendant was claim that sentence was imposed in an illegal manner).

[4] Super. Ct. Crim. R. 35(a) ("The court…may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."); Super. Ct. Crim. R. 35(b) ("The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.").

[5] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that this Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____

Justice

4