IN THE SUPREME COURT OF THE STATE OF DELAWARE

FRANCISCO SANDOVAL, §
§
    Defendant Below, § No. 52, 2019
    Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 0808004730 (S)
§
    Plaintiff Below, §
    Appellee. §

Submitted: April 17, 2019
Decided: June 10, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Francisco Sandoval, filed this appeal from the Superior Court's January 18, 2019 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Sandoval's opening brief that the appeal is without merit. We agree and affirm.

(2)     The record reflects that, in January 2009, Sandoval entered a *Robinson* plea[1] to Rape in the Third Degree and Endangering a Child.  The Superior Court sentenced Sandoval as follows: (i) for Rape in the Third Degree, twenty years of Level V incarceration, suspended after two years for five years of Level III probation; and (ii) for Endangering a Child, two years of Level V incarceration, suspended for one year of Level III probation.  Sandoval did not appeal.

(3)     On February 7, 2014, the Superior Court found that Sandoval had violated his probation.  The Superior Court sentenced Sandoval as follows: (i) for Rape in the Third Degree, eighteen years of Level V incarceration, suspended for five years of Level III probation; and (ii) for Endangering a Child, two years of Level V incarceration, suspended for one year of Level III probation.  Sandoval did not appeal.

(4)     On October 5, 2018, the Superior Court found that Sandoval had violated his probation again.  For Rape in the Third Degree, Sandoval was sentenced to seventeen years of Level V incarceration, suspended for one year of Level III probation.  For Endangering the Welfare of a Child, Sandoval was discharged as unimproved.  Sandoval did not appeal.

---

[1] *Robinson v. State*, 291 A.2d 279, 281 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).

2

(5) On January 8, 2019, an administrative warrant was filed for Sandoval's VOP. The warrant alleged that Sandoval had tested positive for cocaine several times, admitted to using cocaine and heroin, failed to report for two weekly visits, was discharged from one substance abuse program for missing multiple appointments, and failed to show that he had enrolled in another program. On January 18, 2019, the Superior Court found that Sandoval had violated his probation and sentenced him to sixteen years and six months of Level V incarceration, suspended for one year of Level IV residential substance abuse treatment, followed by six months of Level III probation. This appeal followed. As the appealing party, Sandoval was required to—but did not—request a transcript of the January 18, 2019 VOP hearing for this appeal.[2]

(6) In his opening brief on appeal, Sandoval argues that: (i) he was not on probation at the time of the October 2018 VOP hearing; (ii) he and his probation officer had a deal that he could violate his probation without being reported; (iii) his counsel was ineffective for failing to inform the Superior Court about his deal with his probation officer, failing to inform the Superior Court that he preferred Level V time to a substance abuse program, and failing to file an appeal; and (iv) his sentence

---

[2] Supr. Ct. R. 14(e) ("Unless otherwise ordered by the Court, the appellant's appendix shall contain such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred and must include a transcript of all evidence relevant to the challenged finding or conclusion."). *See also Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

and the conditions of his confinement constitute cruel and unusual punishment. We will not consider Sandoval's ineffective assistance of counsel claims for the first time on direct appeal.[3]

(7)     The remaining claims lack merit. Sandoval's claims concerning his October 18, 2018 VOP are outside the scope of this appeal. If Sandoval wished to challenge that VOP, he should have filed an appeal from that VOP. As to Sandoval's claimed deal with his probation officer, he offers nothing to support the existence of such a deal and does not dispute that he violated his probation. Under these circumstances, the Superior Court did not err in finding he violated his probation.

(8)     Finally, this Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[4] Once Sandoval committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Sandoval's sentence.[5] The non-Level V sentence imposed by the Superior Court was within statutory limits and did not constitute cruel and unusual punishment. We also conclude that the conditions of Sandoval's confinement, which include delayed access to medicated shampoo and lack of access to a commissary to buy toiletries, are not cruel and unusual.

---

[3] *Wolford v. State*, 2015 WL 745696, at *2 (Del. Feb. 19, 2015).
[4] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[5] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

4

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice