# SUPERIOR COURT
#### OF THE

RICHARD F. STOKES
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

June 27, 2019

Marcus T. Bennett
SBI# 00175949
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: *State of Delaware v. Marcus T. Bennett*, Def. ID# 1705009232 ( R-1)

DATE SUBMITTED: April 16, 2019

Dear Mr. Bennett:

Pending before the Court are motions for postconviction relief and for appointment of counsel which defendant Marcus T. Bennett ("defendant" or "Bennett") has filed pursuant to Superior Court Criminal Rule 61 ("Rule 61"). This is my decision denying the pending motions.

Defendant was indicted on charges of manslaughter; vehicular homicide in the first degree; three counts of reckless endangering in the first degree; driving a motor vehicle under the influence of alcohol, drugs or a combination of both; driving a motor vehicle while his license was suspended or revoked; criminal mischief under $1,000.00; driving on a divided highway; failing to drive on the right side of the roadway; failing to stop at a stop sign; and driving at an unsafe speed.

1

On September 5, 2017, defendant entered into a *Robinson* plea[1] to a charge of manslaughter. He entered a *Robinson* plea because he did not have any recollection of the crimes he committed. The State of Delaware ("the State") proffered the following facts to support the plea. Between September 9 and 10, 2016, defendant was driving while impaired. He crossed the northbound and southbound lanes of Route 1 through the median and into a soybean field. He came out of the field and headed south in the northbound lane of Route 1. On a curve, his vehicle crashed head-on into the victim's vehicle, killing the victim. Defendant's blood alcohol content ("BAC") was .218, substantially over the legal limit and he also had marijuana in his system.

After being placed under oath, the Court reviewed the plea with defendant. The Court confirmed the following: defendant had gone over his case with his lawyer; he was satisfied with his lawyer's representation of him; he had no complaints about his lawyer; he had reviewed and understood his Plea Agreement and the Truth-in-Sentencing ("TIS") Guilty Plea Form; he answered the questions in the TIS Form truthfully; he understood the trial rights he was giving up; no one forced him to give them up; his attorney reviewed with him the evidence, penalties and elements of the charge of manslaughter and the fact that he could receive 2 to 25 years at Level 5; he understood that a Presentence Investigation Report was to be prepared; and he understood that the sentence was to be determined after the Presentence Investigation Report was prepared. After finding defendant made a knowing, intelligent and voluntary decision to enter the plea, the Court accepted defendant's plea.

A Presentence Report was prepared. On October 27, 2017, the Court sentenced defendant. The Court explained that because the victim's death resulted from defendant's alcohol and drug

---

[1] *Robinson v. State*, 291 A.2d 279 (Del. 1972).

2

use, excessive speed, and his driving in the wrong direction, it was established that defendant recklessly caused the victim's death and thus, the elements of manslaughter were established. The Court exceeded the sentence recommended by the TIS guidelines because it concluded the aggravating factors outweighed the mitigating factors. These aggravating factors were as follows. Defendant had participated in the First Offender's Program in 2012, for driving under the influence. He was violated and then was adjudicated guilty in that matter. Defendant had committed numerous excessive speeding offenses. Defendant was driving without a valid driver's license at the time of the offense. At the time of the accident, defendant had a BAC of .218. The Court concluded a need for correctional treatment existed. It addressed the fact that the impact on the victims was severe. Finally, the Court considered defendant's undue depreciation of the offense. The Court sentenced defendant to 25 years at Level 5, with credit for 105 days previously served, suspended after 10 years at Level 5 and upon successful completion of the Level 5 Key Program for 1 year at Level 4, Residential Substance Abuse Treatment Program and upon successful completion thereof, the balance was suspended, followed by 1 year at Level 4, Home Confinement, followed by 2 years at Level 3 Aftercare.

Defendant did not appeal his sentence. His judgment of conviction was final on November 26, 2017, which was 30 days after his sentence was imposed.[2]

Defendant did not file his pending motions until April 1, 2019, a little over 16 months after his conviction was final. In his motion for postconviction relief, he asserts trial counsel was

---

[2]Pursuant to Super. Ct. Crim. R. 61(m), it is specified:

> A judgment of conviction is final for the purpose of this rule as follows:
> (1) If the defendant does not file a direct appeal, 30 days after the Superior Court imposes sentence....

ineffective because 1) trial counsel failed to file an appeal from his judgment and 2) trial counsel allowed defendant to accept a plea to manslaughter when there was insufficient evidence to support his conviction for manslaughter. With regard to the ineffectiveness in failing to appeal, defendant states that he wanted to challenge his conviction. Defendant submits an affidavit where he claims he asked his trial counsel to appeal his conviction. He does not set forth any ground for appeal he planned to pursue. With regard to the ineffectiveness in allowing defendant to plead to manslaughter, he incorrectly argues the elements of the crime were not met. He also argues the sentence was beyond the guidelines and disproportional to other sentences for manslaughter convictions. He maintains defense counsel should have moved for a lesser-included offense, such as vehicular homicide. He then argues that but for trial counsel's ineffectiveness, the outcome would have been different.

Attached to defendant's motion is a copy of a letter to an attorney from whom he was seeking assistance wherein defendant states his deadline for filing his Rule 61 motion was October 27, 2018.[3] This statement shows defendant was aware of Rule 61's one year time bar.

The current version of Rule 61[4] states in pertinent part as follows:

(a) *Scope of rule.* --
   (1) *Nature of proceeding.* -- This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence. A proceeding under this rule shall be known as a postconviction proceeding.
   \*\*\*
(d) *Preliminary consideration.* --
   (1) *First postconviction motion.* -- A first postconviction motion shall be

_____

[3]It actually was 30 days later.

[4]This current version has been in effect since June 4, 2014, long before defendant was convicted.

4

presented promptly to the judge who accepted a plea of guilty or nolo contendere or presided at trial in the proceedings leading to the judgment under attack. ***

(2) *Second or subsequent postconviction motions.* -- A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:

> (I) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

***

(5) *Summary dismissal.* -- If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.

(e) *Appointment of counsel and withdrawal of counsel.* --

(1) *Timing of request for appointment of counsel.* Any indigent movant's request for appointment of counsel shall be filed contemporaneously with the movant's postconviction motion. Failure to file a contemporaneous request for appointment of counsel may be deemed a waiver of counsel.

(2) *First postconviction motions in specific cases.* -- The judge shall appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside: (i) a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 Del. C. § 4205(b); (ii) a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and resulted in the imposition of a life sentence under 11 Del. C. § 4214; or (iii) a sentence of death.

(3) *First postconviction motions in guilty plea cases.* -- The judge may appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.

(4) *Other first postconviction motions.* -- The judge may appoint counsel for any other first postconviction motion only if the judge determines that: (i) the motion is an indigent movant's first timely postconviction motion and request for appointment of counsel; (ii) the motion seeks to set aside a judgment of conviction after a trial

5

that has been affirmed by final order upon direct appellate review; (iii) the motion sets forth a substantial claim that the movant received ineffective assistance of trial or appellate counsel; (iv) the motion sets forth a substantial claim that the movant is in custody in violation of the United States Constitution or the Delaware Constitution; (v) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (vi) specific exceptional circumstances warrant the appointment of counsel.

\*\*\*

(h) *Evidentiary hearing.* --

(1) *Determination by court.* -- After considering the motion for postconviction relief, the state's response, the movant's reply, if any, the record of prior proceedings in the case, and any added materials, the judge shall determine whether an evidentiary hearing is desirable.

(2) *Time for hearing.* -- If an evidentiary hearing is ordered, it shall be conducted as promptly as practicable, having regard for the need of both parties for adequate time for investigation and preparation.

(3) *Summary disposition.* -- If it appears that an evidentiary hearing is not desirable, the judge shall make such disposition of the motion as justice dictates.

(i) *Bars to relief.* --

(1) *Time limitation.* -- A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

(2) *Successive motions.* --

(I) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(3) *Procedural default.* -- Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows

(A) Cause for relief from the procedural default and

(B) Prejudice from violation of the movant's rights.

(4) *Former adjudication.* -- Any ground for relief that was formerly adjudicated,

whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

(5) *Bars inapplicable.* -- The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(6) *Movant's response.* -- If ordered to do so, the movant shall explain on the form prescribed by the court why the motion for postconviction relief should not be dismissed or grounds alleged therein should not be barred.
\*\*\*

(m) *Definition.* -- A judgment of conviction is final for the purpose of this rule as follows:

> (1) If the defendant does not file a direct appeal, 30 days after the Superior Court imposes sentence;
> (2) If the defendant files a direct appeal or there is an automatic statutory review of a death penalty, when the Supreme Court issues a mandate or order finally determining the case on direct review; or
> (3) If the defendant files a petition for certiorari seeking review of the Supreme Court's mandate or order, when the United States Supreme Court issues a mandate or order finally disposing of the case on direct review.

The Court first must consider the applicability of the procedural bars.[5] If a procedural bar exists and no exception to the bar applies, the Court does not consider the merits of the Rule 61 motion. In this case, defendant's motion is based solely on assertions of ineffective assistance of counsel. Defendant had until November 26, 2018, to file his motion for postconviction relief asserting claims of ineffective assistance of counsel. He failed to timely file his motion.

Defendant does not address the time bar but instead, addresses the bar in Rule 61(i)(3). In order to overcome the procedural bar to his motion, defendant cites to an outdated version of Rule 61(i)(5) and outdated case law applying that version.[6] The Court applies the current version of the

---

[5]*Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[6]The version of Rule 61(i)(5) in effect **before** June 4, 2014, provided:

Bars inapplicable. The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a

7

Rule, not the outdated version.[7]

In order to overcome the time bar by way of Rule 61(i)(5), defendant must meet one of three requirements. He must establish the Court lacked jurisdiction over this matter. He cannot establish such in this case. His other options are to (i) plead with particularity that new evidence exists that creates a strong inference that he is actually innocent in fact of the acts underlying the charges of which he was convicted, or (ii) plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to his case and renders the conviction invalid. Defendant has not attempted to meet these requirements.

Because defendant's motion is procedurally barred as being untimely filed and because defendant has failed to overcome that time bar, his motion for postconviction relief is DENIED. Because the motion was untimely filed and therefore procedurally barred, defendant is not entitled to the appointment of counsel[8] and his motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
    Michael H. Tipton, Esquire
    Michael A. Capasso, Esquire

---

colorable claim that there as a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.

[7]*Collins v. State*, 119 A.3d 42, 2015 WL 4717524, * 1 (Del. Aug. 6, 2015) (TABLE).

[8]Rule 61(e)((2) applies only to timely filed motion.

8