# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
                                )

v.                            )     **ID No. 1708012089**
                                )     **Cr. A. Nos. PN17-09-1247, etc.**

ASA WILLIAMS           )
         **Defendant.**    )

Submitted: September 19, 2019
Decided: October 8, 2019

## ORDER

*Upon Defendant, Asa Williams', Motion for Postconviction Relief,*
**DENIED.**

This 8th day of October, 2019, upon consideration of the Defendant Asa Williams' *Pro Se* Motion for Postconviction Relief (D.I. 18), the Commissioner's Report and Recommendation that that postconviction motion should be **DENIED** (D.I. 34), and the record in this case, it appears to the Court that:

(1)    On November 27, 2017, a New Castle County grand jury indicted Williams for two counts of Rape in the First Degree, and one count each of Unlawful Imprisonment in the Second Degree, Terroristic Threatening, Malicious Interference with Emergency Communications and Resisting Arrest.[1]

---

[1]    Indictment, *State v. Asa Williams*, ID No. 1708012089 (Del. Super. Ct. Nov. 27, 2017) (D.I. 3).

-1-

(2)    On May 16, 2018, Williams entered a *Robinson* plea to one count of Rape in the Third Degree (as a lesser-included offense), one count of Resisting Arrest, and one count of Unlawful Imprisonment in the Second Degree.[2] He did so in exchange for dismissal of the remaining charges and joined with the State in a favorable sentencing recommendation (a total of three years unsuspended imprisonment with other terms).[3]

(3)    Williams was immediately sentenced as follows: (a) for Rape Third Degree (PN17-09-1247) – 25 years at Level V, suspended after three years for two years at Level III probation;  (b) for Resisting Arrest (IN17-09-1253) – one year at Level V, suspended for one year at Level III;  and (c) for Unlawful Imprisonment Second Degree (IN17-09-1448) – one year at Level V, suspended for one year at Level III.[4] The first two years of Williams' rape sentence comprise a minimum term of incarceration that must be imposed and cannot be suspended.[5] In addition to the

---

[2]    *Robinson v. State*, 291 A.2d 279 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).

[3]    Plea Agreement and TIS Guilty Plea Form, *State v. Asa Williams*, ID No. 1708012089 (Del. Super. Ct. May 16, 2018) (D.I. 13).

[4]    Corrected Sentencing Order, *State v. Asa Williams*, ID No. 1708012089 (Del. Super. Ct. May 21, 2019) (D.I. 29).

[5]    DEL. CODE ANN. tit. 11, § 771 (2017) (rape third degree is a class B felony); *id.* at tit. 11, §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court").

terms and conditions of his sentence, Williams is required, by statute, to register as a sex offender.[6]

(4)    Williams filed no direct appeal from his convictions, but did previously file an unsuccessful *pro se* application for sentence reduction or modification.[7]

(5)    In January 2019, Williams filed a timely *pro se* Motion for Postconviction Relief under Superior Court Criminal Rule 61.[8]

(6)    That motion was, after expansion of the record, referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.[9]

(7)    Commissioner Lynne M. Parker filed her Report and Recommendation on September 19, 2019.  The Commissioner recommended that Williams' Motion for Postconviction Relief be denied.[10]

---

[6]    *See* DEL. CODE ANN. tit. 11, §§ 4120, 4121, and 4336 (2017) (setting forth Delaware's Sex Offender Registration and Community Notification Act).

[7]    *See State v. Williams,* 2018 WL 5013525 (Del. Super. Ct. Oct. 16, 2018).

[8]    D.I. 18.

[9]    Order of Reference, *State v. Asa Williams,* ID No. 1708012089 (Del. Super. Ct. June 17, 2019) (D.I. 13).

[10]    *State v. Williams,* 2019 WL 4643935 (Del. Super. Ct. Sept. 19, 2019) (D.I. 34).

(8) "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[11] Neither Williams nor the State invoked Criminal Rule 62(a)(5)(ii) to file any "objections" to the Commissioner's Report.

(9) The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[12]

(10) "In order to prevail on a claim of ineffective assistance in connection with a voluntary *Robinson* plea, [an inmate] must demonstrate prejudice, or a reasonable probability that, but for his counsel's unprofessional errors, he would not have entered the plea and would have insisted on proceeding to trial." There is no doubt, after a thorough review of the record in this case, that Williams' *Robinson* plea was knowing, voluntary, and intelligent. Nor is there any doubt that his counsel was wholly effective in investigating Williams' case, negotiating its resolution, advising him of his plea's consequences (including the sex offender registration requirements), and assisting him while entering his *Robinson* plea. Lastly, there is no doubt that there was a factual basis for all of the charges Williams initially faced and those few to which he entered his plea. Thus, Williams has demonstrated neither

---

[11] Super. Ct. Crim. R. 62(a)(5)(ii).

[12] *Id.* at 62(a)(5)(iv).

-4-

the deficient attorney performance nor the prejudice required to succeed on an ineffective assistance of counsel claim.

(11) **NOW THEREFORE**, after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation of September 19, 2019, Williams' Motion for Postconviction Relief is **DENIED**.

**SO ORDERED this 8th day of October, 2019.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc: The Honorable Lynne M. Parker
Jenna R. Milecki, Deputy Attorney General
Elliot M. Margules, Esquire
Mr. Asa Williams, *pro se*