IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM SEWELL,                    §
                                   § No. 385, 2019
   Defendant Below,                §
   Appellant,                      § Court Below—Superior Court
                                   § of the State of Delaware
   v.                              §
                                   § Cr. ID No. 1612018659 (S)
STATE OF DELAWARE,                 §            1708015292 (S)
                                   §
   Plaintiff Below,                §
   Appellee.                       §

Submitted: January 22, 2020
Decided:   March 4, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, William Sewell, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Sewell's opening brief that his appeal is without merit. We agree and affirm.

(2)     On August 23, 2017, Sewell entered a *Robinson* plea[1] to charges of aggravated menacing and possession of a firearm while under the influence of alcohol.  For aggravated menacing, the Superior Court sentenced Sewell to imprisonment for five years, with credit for 106 days previously served, suspended after one year for one year of Level III probation.  For the firearm charge, the Superior Court sentenced him to imprisonment for one year, suspended for one year of Level III probation.

(3)     On February 13, 2018, Sewell pleaded guilty to a fifth-offense DUI. The Superior Court sentenced him to imprisonment for five years, suspended after eighteen months and successful completion of the Key program for eighteen months of Level III probation.  In addition to other conditions, the sentencing order also established zero tolerance for drugs and alcohol and required Sewell to maintain at least ninety consecutive days of sobriety, as measured by a transdermal alcohol detection device ("TAD device") or periodic breath or urine analysis.

(4)     On June 27, 2019, a probation officer filed a VOP report alleging that Sewell's TAD device had indicated that Sewell was consuming alcohol on June 12 and June 13, 2019.  At a VOP hearing on August 2, 2019, Sewell's counsel stated that (i) Sewell had agreed to admit to being in violation of his probation, (ii) the State

---

[1] *See Robinson v. State*, 291 A.2d 279 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).

2

was recommending a ninety-day sentence, and (iii) Sewell was requesting a time-served sentence with no probation to follow.[2] Sewell's counsel then asked Sewell if he had correctly stated the circumstances, and Sewell responded affirmatively.[3]

(5) Following that exchange, the Superior Court found Sewell in violation and asked Sewell if there was anything that he would like to say before the court imposed its sentence. Sewell then stated that he had not consumed alcohol in more than thirty months and did not understand how the TAD device could have detected alcohol, unless it had been triggered by use of shampoo, lotion, or some other product that contained alcohol.[4] The probation officer who was present at the hearing responded that the TAD device can differentiate between an environmental presence of alcohol and alcohol consumption, stated that the TAD device had provided a blood-alcohol reading of .04, and indicated that such a reading was inconsistent with Sewell's proffered explanations.[5] After hearing from Sewell and the probation officer, the Superior Court imposed the following VOP sentence: (i) on the aggravated menacing charge, imprisonment for three years and ten months, suspended for fifty-four days at the VOP Center, followed by eighteen months of Level III probation with TAD monitoring; (ii) on the firearm charge, imprisonment

---

[2] *State v. Sewell*, Cr. ID No. 1612018659, Transcript of VOP Hearing, at 2 (Del. Super. Ct. Aug. 2, 2019).
[3] *Id.*
[4] *Id.* at 3-4.
[5] *Id.* at 4.

3

for one year, suspended for one year of Level III probation; and (iii) on the fifth-offense DUI charge, imprisonment for three years, suspended for one year of Level III probation.[6]

(6) Sewell has appealed from his August 2, 2019 VOP sentence. On appeal, he argues that he was falsely accused of violating his probation because the TAD device was incorrectly installed and was recording the alcohol consumption of some other person. He contends that his VOP sentence was excessive and violated his Eight Amendment right against cruel and unusual punishment, and he seeks compensatory damages for pain and suffering as a result of his alleged false imprisonment.

(7) After careful consideration, we find no merit to Sewell's appeal. Sewell appeared at the VOP hearing represented by counsel. He admitted that he had violated probation, and the Superior Court found him in violation based on that admission. Sewell's admission to violating probation constitutes sufficient evidence to sustain the Superior Court's finding of a VOP.[7]

(8) With respect to his VOP sentence, "[i]t is well-established that appellate review of sentences is extremely limited."[8] Our review of a sentence generally ends

---

[6] *Id.* at 5.

[7] *E.g.*, *Cook v. State*, 2019 WL 949372 (Del. Feb. 25, 2019); *Lougheed v. State*, 2016 WL 5899238 (Del. Oct. 10, 2016).

[8] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

upon a determination that the sentence is within the statutory limits prescribed by the legislature.[9] If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[10] When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[11] Contrary to his contention, Sewell's VOP sentence did not violate the Eighth Amendment. It was neither excessive nor grossly disproportionate and, indeed, the Superior Court could have imposed a tougher sentence by requiring Sewell to serve the entire length of the suspended prison term.[12]

(9) Finally, Sewell did not present his claim for damages to the Superior Court in the first instance.[13] In any event, a defendant may not seek civil damages in the context of a criminal action.

(10) Based on our review of the record, it does appear that there was one error that we address *sua sponte*. The transcript of the VOP hearing reflects that the

---

[9] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[10] *Kurzmann*, 903 A.2d at 714.
[11] 11 *Del. C.* § 4334(c).
[12] *Biddle v. State*, 2017 WL 1376412, at *2 (Del. Apr. 12, 2017) (citing *Wallace v. State*, 956 A.2d 630, 639 (Del. 2008)).
[13] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review . . . .").

Superior Court sentenced Sewell to three years at Level V supervision, suspended for one year of Level III probation for the fifth-offense DUI, Cr. ID No. 17-08-0659. But the sentencing order imposes a sentence for that charge of three years and nine months at Level V supervision, suspended for one year of Level III probation. Accordingly, we remand this matter for the trial court to review the record and determine whether Sewell's sentence must be corrected.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. This matter is remanded for correction of sentence, if appropriate, in accordance with paragraph 10 of this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice