IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF CHARLES DUFFY | § | No. 90, 2021 |
| FOR A WRIT OF CERTIORARI | § | |
| | § | |

Submitted: April 7, 2021
Decided: April 30, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

(1) The petitioner, Charles Duffy, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of certiorari. The State filed an answer and motion to dismiss the petition. After careful review, we conclude that Duffy's petition must be dismissed.

(2) In 1985, Duffy entered a *Robinson* plea to first-degree rape.[1] He received a sentence of life imprisonment. Duffy unsuccessfully challenged this conviction and sentence.[2] In 2012, the Board of Parole certified Duffy for parole upon the successful completion of the Greentree program. While Duffy was on parole, he was arrested and charged with new crimes.

---

[1] *Robinson v. State*, 291 A.2d 279, 281 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).

[2] *See, e.g., Duffy v. State*, 2012 WL 4019037, at *2 (Del. Sept. 12, 2012) (affirming the Superior Court's denial of Duffy's motion for postconviction relief in which Duffy alleged that his plea was involuntary and his counsel was ineffective because he was led to believe that his sentence would be forty-five years at Level V, not the remainder of his life).

(3)     On January 12, 2018, Duffy pleaded guilty to violation of privacy. The Superior Court granted the State's motion to declare Duffy a habitual offender and sentenced Duffy to six years of Level V incarceration with credit for time served. As a result of this conviction, Duffy's parole was revoked.

(4)     On March 19, 2021, Duffy filed a petition for a writ of certiorari alleging that his 1985 sentence is unconstitutional. He contends that he received a capital sentence for a non-capital offense. He also contends that this sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment.

(5)     A writ of certiorari is an extraordinary remedy that is used to correct irregularities in the proceedings of a trial court.[3] Certiorari is available to challenge a final order of a trial court where the right of appeal is denied, a grave question of public policy and interest is involved, and no other basis for review is available.[4] "Where these threshold requirements are not met, this Court has no jurisdiction to consider the petitioner's claims, and the proceedings will be dismissed."[5]

(6)     There is no basis for the issuance of a writ of certiorari in this case. Duffy could have raised his claims in his previous motions in the Superior Court and his appeals to this Court, but chose not to do so. Duffy has not shown a denial of his right to appeal or that a grave question of public policy is involved.

---

[3] *Shoemaker v. State*, 375 A.2d 431, 437 (Del. 1977).
[4] *Id.* at 437-38.
[5] *In re Butler*, 609 A.2d 1080, 1081 (Del. 1992).

2

(7)     In addition, contrary to Duffy's contentions, he did not receive a capital sentence for his first-degree rape conviction.  The Superior Court sentenced Duffy to life imprisonment, not the death penalty, as required by the relevant statutes at the time he committed first-degree rape.[6]  As to Duffy's claim that his life sentence for first-degree rape violated the Eighth Amendment's prohibition against cruel and unusual punishment, the Court has rejected similar claims.[7] Because Duffy has not met the threshold requirements for the issuance of a writ of certiorari, his petition for a writ of certiorari must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the motion to dismiss is GRANTED and the petition for the issuance of a writ of certiorari is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[6] *See State v. Duffy*, 2012 WL 1415636, at *2 (Del. Super. Ct. Feb. 23, 2012) (reviewing the relevant statutes, 11 *Del. C*. §§ 764, 4205(b)(1) and 4209A, in effect at the time of Duffy's crime and conviction), *aff'd*, 2012 WL 4019037.

[7] *See Israel v. State*, 2016 WL 3538681, at *1 (Del. June 20, 2016) (finding no merit to the Eighth Amendment claim and holding "a life sentence for first degree rape was a legal punishment when Israel was sentenced in 1985 and is still a legal sentence today").