IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHARLES DUFFY, §
§
Defendant Below, § No. 20, 2023
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 84006719DI (S)
§
Appellee. §

Submitted: February 22, 2023
Decided: April 11, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Charles Duffy, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Duffy's opening brief that his appeal is without merit. We agree and affirm.

(2) In 1985, Duffy entered a *Robinson* plea to first-degree rape.[1] The Superior Court sentenced Dufy to life imprisonment. Duffy unsuccessfully challenged this conviction and sentence.[2] In 2012, the Board of Parole certified Duffy for parole upon his successful completion of the Greentree program.

(3) While Duffy was on parole, he was arrested and charged with new crimes. On January 12, 2018, Duffy pleaded guilty to violation of privacy. As a result of this conviction, Duffy's parole for his first-degree rape conviction was revoked.

(4) On October 26, 2020, Duffy filed a motion for correction of illegal sentence. He argued that his life sentence for first-degree rape was illegal because it was a capital sentence for a non-capital crime. The Superior Court denied the motion, noting that this Court had previously held that Duffy received a life sentence for first-degree rape.

(5) On March 19, 2021, Duffy filed a petition for a writ of certiorari in this Court. He contended that he received a capital sentence for a non-capital offense.

---

[1] *Robinson v. State*, 291 A.2d 279, 281 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).

[2] *See, e.g., Duffy v. State*, 2012 WL 4019037, at *2 (Del. Sept. 12, 2012) (affirming the Superior Court's denial of Duffy's motion for postconviction relief in which Duffy alleged that his plea was involuntary and his counsel was ineffective because he was led to believe that his sentence would be forty-five years at Level V, not the remainder of his life); *Duffy v. State*, 1986 WL 17363, at *2-3 (Del. July 31, 1986) (affirming the Superior Court's denial of Duffy's postconviction motions).

This Court dismissed the petition, ruling that Duffy did not receive a capital sentence for his first-degree rape conviction.[3]

(6) On November 2, 2022, Duffy filed another motion for correction of illegal sentence in the Superior Court. He argued that he was indicted, convicted, and sentenced under the death penalty statute, 11 *Del. C.* § 4209, for a non-capital crime. The Superior Court denied the motion, finding it repetitive and that Duffy was indicted, convicted, and sentenced for first-degree rape, not first-degree murder. This appeal followed.

(7) We review the denial of a motion for sentence correction for abuse of discretion.[4] We review questions of law *de novo.*[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(8) In his opening brief, Duffy continues to insist that he was indicted, convicted, and sentenced under the death penalty statute. He is mistaken. A grand jury indicted Duffy for first-degree rape under the relevant statute, 11 *Del. C.* § 764,

---

[3] *In re Duffy*, 2021 WL 1733296 (Del. Apr. 30, 2021).
[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

in effect at the time of his crime.[7] Duffy entered a *Robinson* plea to first-degree rape under Section 764. As this Court previously recognized, "[t]he Superior Court sentenced Duffy to life imprisonment, not the death penalty, as required by the relevant statutes [11 *Del. C.* §§ 764, 4205(b)(1) and 4209(A)] at the time he committed first-degree rape."[8] Duffy's life sentence for first-degree rape is not illegal. We warn Duffy that if he continues to file appeals or writs making repetitive claims in Criminal ID No. 84006719DI, he could be enjoined from filing appeals or writs without leave of the Court.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[7] In June 1984, Section 764(2) provided that a man was guilty of first degree rape when he intentionally engaged in sexual intercourse with a female without her consent and the victim was not the defendant's voluntary social companion.

[8] *Duffy*, 2021 WL 1733296, at *1.

4