# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) ID No. 1302010375; 0810013142
)
DAYMON WINCKLER, )
)
Defendant. )

Submitted: July 25, 2024
Decided: October 24, 2024

## ORDER GRANTING MODIFICATION OF SENTENCE

The Delaware Department of Corrections moved this Court to modify Daymon Winkler's sentence to allow a proper treatment classification. The request for modification is fitting and thus GRANTED.

## BACKGROUND

On August 25, 2012, a turf war resulted in tragedy—Daymon Winckler ("Defendant") shot and killed his brother.[1] The State indicted Defendant on one count of Murder Second Degree, one count of Possession of a Firearm By Person Prohibited, three counts of Reckless Endangering First Degree ("RE1st"), and four counts of Possession of a Firearm During the Commission of a Felony ("PFDCF").[2]

---

[1] *See* Docket Item ("D.I.") 48. The facts in this decision reflect the record developed at the October 10, 2014 sentencing hearing. Citations to the hearing transcript are in the form "Tr. #."

[2] D.I. 1.

1

On May 22, 2014, Defendant entered a guilty plea to one count of RE1st and one count of PFDCF.[3] Prior to sentencing, the State moved to declare Defendant a habitual offender under 11 *Del. C.* §4214(a).[4] At the sentencing hearing held October 10, 2014, this Court sentenced Defendant—as a habitual offender on the RE1st conviction—to a total of 15 years at Level V, followed by lesser levels of incarceration and probation.[56]

Defendant has moved this Court to modify his sentence multiple times with varying degrees of success. Defendant first moved to modify his sentence from 15 to (the minimum mandatory of) 10 years Level V but requested to stay said motion until he could supplement it with proof of completion of various rehabilitation programs.[7] This Court granted that motion on November 13, 2014.[8] In May 2015,

---

[3] D.I. 32; *see also Robinson v. State*, 291 A.2d 279, 281 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).

[4] D.I. 33.

[5] D.I. 34, Tr. 29:1–30:9. This Court also: sentenced Defendant for violation of probation; issued a no-contact order with the co-defendants and a victim; directed Defendant to undergo DNA samples, grief counseling, and a mental health evaluation (both at Level V); and further directed Defendant to "work towards his high school diploma or GED" and "be employed or participate in job training[.]" Tr. 29:20–30:9. For violating probation, this Court sentenced Defendant to 6 years at Level V with credit for 14 days previously served, suspended for 2 years at Level II. *Id.*

[6] Tr. 29:20–30:9. For violating probation, this Court sentenced Defendant to 6 years at Level V with credit for 14 days previously served, suspended for two years at Level II. *Id.*

[7] D.I. 35.

[8] D.I. 36.

Defendant wrote this Court asking to "suspend five year[]s of [his] sentence for the [G]reentree program or the Key program" because he was "trying to get [his] life together" and needed the help.[9]  On June 11, 2015, this Court denied the motion finding Defendant had not demonstrated cause for relief.[10]  About a year later, Defendant submitted another request for sentence modification urging this Court to allow him entry into the Key program because it was a part of his "recovery plan[.]"[11]  In August 2016, this Court granted Defendant's motion allowing for Key program designation.[12]  Soon after, Defendant sent another letter asking to be transferred to a different correctional facility because his current facility did not offer the Key program.[13]  This Court responded promptly, advising Defendant that the "timing of placement in the Key Program at Level 5 is a matter of DOC discretion.  Also, the decision as to which Level 5 facility you are placed, is up to DOC."[14]  In February 2017, Defendant penned another letter requesting a facility change, but this time

---

[9] D.I. 37.

[10] D.I. 38.

[11] D.I. 39. Defendant attached to his letter certificates of completion for "Illness Management and Recovery," "Workshops for Training in Nonviolence Alternatives to Violence Project," and "Reading Attainment." *Id.*

[12] D.I. 41.

[13] D.I. 42 ("Also if you could recommend for me to be transfer[r]ed to Howard R. Young Correctional [Institution] that would help because [they have] a Key program there[. T]here is no [KEY program] a[t] J.T.V.C.C. [(James T. Vaughn Correctional Center)]").

[14] D.I. 43.

because he was concerned for his safety.[15] This Court quickly informed the acting warden at JTVCC.[16]

Defendant then filed a request for certification of eligibility under 11 *Del. C.* § 4214(f) of the Habitual Criminal Act, seeking clarity on whether he was allowed to move for modification of sentence.[17] This Court referred his question to the Office of Defense Services to see whether he met the new law's eligibility requirements.[18] The State opposed Defendant's request, arguing that he was ineligible for sentence review permitted by Section 4214(f) because the sentence imposed was wholly discretionary.[19] On March 20, 2019, this Court denied Defendant's request, finding he did not meet the type-of-sentence eligibility requirement under Section 4214(f).[20]

Undeterred, Defendant again moved for modification of sentence in April 2020, seeking to shave his incarceration by one year for six months home

---

[15] D.I. 44.

[16] D.I. 45.

[17] D.I. 46.

[18] D.I. 47.

[19] *See* D.I. 49.

[20] *See* D.I. 50. *See also Yelardy v. State*, 286 A.3d 503 (Del. 2022) (TABLE) (quoting *State v. Wright*, 2022 WL 1013311, at *2–3 (Del. Super. Apr. 1, 2022)) ("For a person who is serving habitual-offender sentences for multiple felony convictions in a single case to satisfy the time-served requirement, 'each individual count must be eligible for § 4214(f) relief.'").

confinement upon completion of the Key program.[21] On June 25, 2020, this Court denied his motion because "circumstances [we]re not sufficiently compelling to warrant further modification at th[at] time."[22] In October 2021, Defendant sent another letter (not seeking sentence reduction) requesting a facility transfer to quell his purported substance abuse issues.[23] On November 15, 2021, this Court directed the Department of Corrections ("DOC") "to exercise discretion to consider placing Defendant in a facility to enable substance abuse treatment."[24]

In January 2024, Defendant moved for modification of sentence to resolve an issue with his August 16, 2016 sentencing order.[25] That order assigned Defendant to the Key program which no longer exists.[26] His treatment counselor advised him that the order must be modified to allow him to participate in, and complete, the Road to Recovery program.[27] On February 29, 2024, this Court granted the motion

---

[21] D.I. 51 (Defendant avers that "everything [wa]s on hold because of the coronavirus pandemic" and because his sentence wasn't "suspended upon completion" of the Key program he was "no longer [a] priority.").

[22] D.I. 52.

[23] D.I. 53. Defendant contends he could not switch facilities in 2016 without a court order, which hindered his attempts to get better because there are no recovery programs at JTVCC—he did not seek a sentence reduction in his October 2021 letter. *See id.*

[24] D.I. 54.

[25] D.I. 56

[26] D.I. 56.

[27] D.I. 56.

to modify, changing the Level V Key Program to the Level V Substance Abuse Program at DOC discretion.[28]

## THE INSTANT MOTION AND DISCUSSION

On July 25, 2024, DOC wrote this Court seeking modification of the current sentence order ("Motion").[29] DOC explains that Defendant "was interviewed for an LSI-R and RNR on January 5, 2024[,]" and "the results identified that his treatment needs would be best addressed with Group B (Criminal Thinking)."[30] DOC requests the sentencing order be modified to Level V DOC discretion under 11 *Del. C.* § 6530 and DOC Policy 4.6.

Superior Court Criminal Rule 35(b) permits this Court to "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[31] Under Rule 35(b), the Court may consider reducing the term or conditions of confinement or probation at any time.[32] The rule does not set forth specific criteria

---

[28] D.I. 57, 58.

[29] D.I. 59.

[30] D.I. 59. An LSI-R (Level of Service Inventory—Revised) and an RNR (Risk/Need/Responsivity) are assessment tools used by the DOC to evaluate recidivism and risks. *See* Prob. & Parole Del. Dep't of Corr., *Focus on Success* (2020), https://doc.delaware.gov/assets/documents/pp_report_aug2020.pdf; Joanna Champney & Samantha Zulkowski, *Implementing a Risk/Need/Responsivity Framework into an Offender Mgmt. Sys.* (2017), https://www.crj.org/assets/2017/09/Implementing-RNR-Framework-Champney-Zulkowski.pdf.

[31] Super. Ct. Crim. R. 35(b).

[32] *Id.*

necessary to sustain this burden of proof, but "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[33]

Under Section 6530, "Each classification committee shall determine and prescribe the custodial and rehabilitation program and the care for each person coming under its jurisdiction[,] . . . and shall assign persons to . . . programs according to their abilities and in the manner best calculated to effectuate training and rehabilitation." Policy 4.6 provides that DOC classifies offenders to programs "based on identified classification criteria developed to address the rehabilitative needs of the offender. When the rehabilitative interventions identified through the DOC classification process differ from sentencing orders directing the participation in a specific program, the offender will be classified based on the DOC classification results."[34]

"It would be unreasonable to infer that the classification committee failed to meet its duty under 11 *Del. C.* § 6530 simply because [Defendant] was not assigned to a treatment program."[35] The DOC is charged with the difficult responsibility of

---

[33] *State v. Evans*, 2024 WL 36518, at *2 (citing *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).

[34] Del. Dep't of Corr. Policy No. 4.6 ¶ VI(F).

[35] *Pinkston v. Del. Dep't of Corr.*, 2013 WL 6439360, at *2 (Del. Super. Dec. 4, 2013).

7

classifying inmates.[36] Section 6530 shows our legislature's "recognition of the need for flexibility and discretion in classification, discipline, and assignment to programs[.]"[37] Treatment classifications are within the sound discretion of the DOC and this Court will not interfere with such decisions absent manifest injustice.[38]

A thorough Road to Recovery progress report for Defendant reflects no indication of substance abuse treatment.[39] The record reveals Defendant has the wherewithal—especially within the confines of JTVCC—to maintain his sobriety. He has no history of regular use of illegal substances (notwithstanding a prior traumatic life event), and he currently poses no risk of relapse. Accordingly, this Court finds the modification requested is appropriate under Rule 35(b).

## CONCLUSION

This Court finds DOC has demonstrated that modifying Defendant's sentencing order is appropriate. Defendant shall no longer be classified under Level

---

[36] *Id.*

[37] *Id.*

[38] *Id.* (first citing *Stewart v. Snyder*, 1999 WL 1611428, at *1 (Del. Super. Feb. 23, 1999); and then citing *Ross v. Dep't of Corr.*, 722 A.2d 815, 820 (Del. Super. 1998) (explaining that, absent any violations of constitutional or statutory rights, "the courts will defer to the sound discretion of the legislative and executive branches in the execution of correctional policies")).

[39] D.I. 59 ("Based upon a review of all available [Defendant] assessments, and [Defendant]'s own statements regarding his substance use history, the reason for relapse and amount of time he has remained sober in a secured environment no substance use treatment is indicated at this time.").

V Substance Abuse Program; Defendant shall instead be subject to Group B (Criminal Thinking) or any other necessary treatment programs at DOC's discretion. Accordingly, DOC's Motion is GRANTED and a Modified Sentencing Order shall be entered.

**IT IS SO ORDERED.**

/s/ *Kathleen M. Vavala*
The Honorable Kathleen M. Vavala
