NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2486
_____

MALIK MACK,

Appellant

v.

SUPERINTENDENT MAHANOY SCI;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
THE DISTRICT ATTORNEY OF THE COUNTY OF MONTGOMERY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cv-01829)
District Judge: Hon. Gerald J. Pappert
_____

Submitted Under Third Circuit LAR 34.1(a)
November 6, 2017

Before:  JORDAN, HARDIMAN, and SCIRICA, *Circuit Judges.*

(Filed: November 9, 2017)
_____

OPINION[*]
_____

JORDAN, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Malik Mack, a Pennsylvania state prisoner, appeals the District Court order dismissing his petition for habeas corpus as procedurally defaulted. Mack contends that the default of his ineffective assistance of counsel claim is excused pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). We granted Mack's application for a certificate of appealability "as to whether the District Court erred in concluding that he is procedurally barred from pursuing his claim that plea counsel was ineffective [because] [r]easonable jurists could debate whether *Martinez* ... excuses the default of this claim, and whether the claim has merit." (App. at 21.) The government concedes that *Martinez* may excuse Mack's default. We too agree that *Martinez* applies and may excuse Mack's default, and we will therefore vacate the District Court's order dismissing Mack's petition for a writ of habeas corpus and remand to the District Court with instructions to conduct the analysis that *Martinez* requires.

## I. BACKGROUND

Mack pleaded guilty in the Court of Common Pleas in Montgomery County, Pennsylvania, to one count of third-degree murder and one count of aggravated assault. The state court sentenced Mack to sixteen-and-one-half to thirty-five years of imprisonment. He did not file a direct appeal.

Later, Mack filed a *pro se* petition for collateral review under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, *et seq.*, and the PCRA court appointed new counsel for him. Mack's PCRA counsel filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc), seeking to withdraw from representing Mack. The court granted the withdrawal and issued a notice

of its intent to dismiss Mack's PCRA petition without a hearing. Mack filed a *pro se* response but did not raise a claim that plea counsel had been ineffective. The court then dismissed Mack's PCRA petition without a hearing. The Pennsylvania Superior Court affirmed the dismissal, and the Pennsylvania Supreme Court denied allowance of appeal.

Mack timely filed a petition for a writ of habeas corpus. At that point, he claimed that his "[p]lea counsel rendered ineffective assistance by failing to adequately investigate medical and factual state-of-mind evidence; and failed to inform [Mack] that such evidence would be essential in properly determining guilt; this failure caused [Mack] to unintelligently, unknowingly and involuntarily plead guilty." (App. at 122.)

A Magistrate Judge issued a Report and Recommendation concluding that Mack's habeas claim was procedurally barred and that Mack could not avoid the bar by relying on *Martinez*. The Report and Recommendation reasoned that, "after PCRA counsel was permitted to withdraw, petitioner could have preserved the instant claim by raising it in petitioner's response to the notice of intention to dismiss PCRA petition, which petitioner failed to do. [*Martinez*] does not excuse petitioner's failure to raise a claim on collateral appeal." (App. at 8-9.) The District Court adopted the Report and Recommendation in full and dismissed Mack's habeas petition.

Mack has appealed that dismissal, arguing that the District Court erred by concluding that *Martinez* was inapplicable and by not conducting the analysis called for by *Martinez*.

3

## II.   DISCUSSION[1]

We normally cannot review a state prisoner's petition for habeas corpus when the prisoner's federal claim has been procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default occurs when an independent and adequate state procedural rule bars state courts from considering the claim. *Id.* But we can excuse the default and review the claim if the prisoner can show cause and prejudice. *Id.*

Although cause typically cannot be established by showing ineffective assistance of counsel in state collateral proceedings, *id.* at 752, the Supreme Court announced a narrow exception to that rule in *Martinez*, 566 U.S. at 9. It said, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in [an] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17. The rule in *Martinez* will serve to establish cause when "three conditions are met: (a) the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel (b) in the initial-review collateral proceeding ... and (c) the underlying claim of trial counsel ineffectiveness is 'substantial,' meaning 'the claim has some merit[.]'" *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (quoting *Martinez*, 566 U.S. at 14).

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We exercise plenary review over a district court's dismissal of a habeas petition when the district court did not grant an evidentiary hearing. *Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir. 2002).

Importantly, our inquiry focuses on whether *counsel*, not the prisoner, raised the ineffective assistance of counsel claim at the initial-review collateral proceeding. *See id.* (explaining that *Martinez* may apply when ineffective assistance of post-conviction counsel or absence of counsel caused the default). Indeed, we recently emphasized in *Bey v. Superintendent Greene SCI* that, under Pennsylvania law, raising a claim of ineffective assistance of trial counsel is the responsibility of PCRA counsel. 856 F.3d 230, 243 (3d Cir. 2017). Because that responsibility rests with PCRA counsel, we have applied *Martinez* to excuse a procedural default when such counsel has failed to raise an ineffective assistance of counsel claim. *Id.* at 243-44.

Here, neither the Magistrate Judge nor the District Court conducted the analysis that *Martinez* requires. The Report and Recommendation's reasoning – that *Martinez* did not apply because Mack could have raised the issue in his *pro se* filing in the PCRA court – is inconsistent with *Martinez* itself.

In *Martinez*, a prisoner's appellate attorney filed a statement that the prisoner lacked any meritorious claim and the prisoner failed to respond with any claims he believed his counsel overlooked. 566 U.S. at 6, 18. Even though the prisoner failed to respond, the Supreme Court remanded the case to determine whether his collateral counsel was ineffective for conceding any claim of ineffective assistance at trial. *Id.* at 18. The facts here are similar to those in *Martinez*: Mack's PCRA counsel filed a no-merit letter and Mack failed to raise in his *pro se* response his claim of ineffective assistance of plea counsel. Even though Mack responded but failed to raise that claim, *Martinez* may still excuse the default if Mack's PCRA counsel was ineffective for filing a

5

no-merit letter and not raising Mack's ineffective assistance claim regarding plea counsel. Thus, the District Court erred by not applying *Martinez* to determine whether the default may be excused.

Our decision in *Bey* was announced after the District Court dismissed Mack's habeas petition but provides further support for our decision. 856 F.3d at 237. We stated there that, in Pennsylvania, PCRA counsel has the responsibility to raise any claim of ineffective assistance of counsel. *Id.* at 243. Because that responsibility rests with PCRA counsel, we applied *Martinez* to determine whether the default may be excused. *Id.* at 243-44. The District Court here failed to appreciate that PCRA counsel, not Mack, had the responsibility to raise the claim. Thus, it was error not to conduct the *Martinez* analysis.

## III. CONCLUSION

For the foregoing reasons, we will vacate the District Court's order dismissing Mack's petition for a writ of habeas corpus and remand with instructions for the Court to conduct the analysis that *Martinez* requires – that is, to determine whether Mack can establish that (a) the default was caused by ineffective assistance of his PCRA counsel or the absence of counsel, (b) in an initial-review collateral proceeding, and (c) the underlying claim of plea counsel ineffectiveness is substantial. *Cox*, 757 F.3d at 119.