IN THE SUPREME COURT OF THE STATE OF DELAWARE

DEVEARL BACON,     §
    § No. 587, 2018
    Defendant Below,     §
    Appellant,     §
    §
    v.     § Court Below–Superior Court
    § of the State of Delaware
STATE OF DELAWARE,     §
    § Cr. ID No. 0006017660 (N)
    Plaintiff Below,     §
    Appellee.     §

Submitted: March 25, 2019
Decided: May 14, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Devearl Bacon, appeals from the Superior Court's order denying his third motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Bacon's opening brief that his appeal is without merit. We agree and affirm.

(2) In June of 2001, a Superior Court jury found Bacon guilty of five counts of first degree robbery, one count of first degree carjacking, two counts of aggravated menacing, two counts of possession of a firearm during the commission of a felony,

two counts of possession of a deadly weapon by a person prohibited, and two counts of wearing a disguise during the commission of a felony.

(2) On July 20, 2001, the Superior Court sentenced Bacon to an aggregate of 34 years of Level V imprisonment, followed by probation. On direct appeal, this Court affirmed Bacon's convictions and sentence.[1] In 2006 and 2016, this Court affirmed the Superior Court's denials of Bacon's two previous motions for postconviction relief.[2]

(3) Bacon filed his third motion for postconviction relief on October 3, 2018. The Superior Court concluded the motion was procedurally barred by Rule 61 and dismissed it on November 13, 2018.

(4) We affirm the Superior Court's order. Bacon's asserts that the decision handed down by the United States Court of Appeals for the Third Circuit Court in *Mack v. Superintendent Mahoney SCI*[3] created a new rule of constitutional law sufficient to excuse his procedural default under Rule 61. Bacon is incorrect. Rule 61 excuses procedural defaults if the motion pleads with particularity (i) the existence of new evidence of actual innocence or (ii) that a new rule of constitutional

---

[1] *Bacon v. State*, 2002 WL 1472287 (Del. July 1, 2002).
[2] *Bacon v. State*, 2006 WL 1725589 (Del. June 21, 2006); *Bacon v. State*, 2016 WL 4761948 (Del. Sept. 12, 2016).
[3] 714 F. App'x 151 (3rd Cir. 2017).

law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case.[4]

The *Mack* decision did not create a new rule of constitutional law; the Third Circuit merely applied the United States Supreme Court precedent of *Martinez v. Ryan*[5] to the facts before it.[6]  We have previously held that *Martinez* did not create a newly-recognized retroactive right to counsel entitling a movant to overcome Rule 61's procedural bars.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] Super. Ct. Crim. R. 61(d)(2).
[5] 566 U.S. 1 (2012).
[6] *Mack*, 714 F. App'x, at 152 ("We too agree that *Martinez* applies . . . .").
[7] *Roten v. State*, 2013 WL 5808263, at *1 (Del. Oct. 28, 2013) ("*Martinez* does not hold that there is a federal constitutional right to counsel in first postconviction proceedings.").