IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARCUS BENNETT, | § | |
| | § | No. 310, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 1705009232 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 29, 2019
Decided: October 11, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Marcus Bennett, appeals from the Superior Court's judgment denying his first motion for postconviction relief filed under Superior Court Criminal Rule 61 ("Rule 61"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Bennett's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Bennett was indicted on one count of manslaughter, one count of first degree vehicular homicide, three counts of first degree reckless endangering, one count of driving a motor vehicle while under the

influence of alcohol, one count of driving a motor vehicle while his license was suspended or revoked, one count of criminal mischief causing damage in an amount less than $1,000, and four additional traffic offenses. On September 5, 2017, Bennett entered a *Robinson* plea[1] to the charge of manslaughter and the State *nolle prosequied* the remaining charges. On October 27, 2017, the Superior Court sentenced Bennett to twenty-five years, suspended after ten years and the successful completion of the Key Program, followed by decreasing levels of supervision. Bennett did not appeal and his conviction became final on November 26, 2017.[2]

(3) On April 1, 2019, Bennett filed his first motion for postconviction relief along with a request that the Superior Court appoint counsel to represent him in the postconviction proceedings. Bennett asserted his trial attorney was ineffective for (i) failing to notify him of his right to appeal; and (ii) giving Bennett the "bad advice" to accept the State's plea offer. The Superior Court concluded Bennett's motion was procedurally barred because it was untimely filed and Bennett had failed to satisfy the pleading requirements necessary to overcome the procedural bar. Accordingly, the Superior Court denied the motion and Bennett's request for appointment of counsel. This appeal followed.

---

[1] *Robinson v. State*, 291 A.2d 279 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).

[2] Del. Super. Ct. Crim. R. 61(m) (providing that a judgment of conviction becomes final thirty days after the Superior Court imposes a sentence if the defendant does not file a direct appeal).

(4)     In reviewing the Superior Court's denial of a motion for postconviction relief, this Court must first consider the procedural requirements of Rule 61 before it may consider the merits of any postconviction claims.[3]  Rule 61(i)(1), in relevant part, requires a motion for postconviction relief to be filed within one year after a conviction becomes final.[4]  Under Rule 61(i)(5), the one year limitations period does not apply to a claim that the Superior Court lacked jurisdiction or to a claim that satisfies the pleading requirements of Rule 61(d)(2), which requires a defendant to plead with particularity that: (i) new evidence exists that creates a strong inference that the defendant is actually innocent; or (ii) a new retroactive constitutional rule of law applies to invalidate the defendant's convictions.[5]

(5)     Bennett's motion is procedurally barred as untimely filed because it was filed more than one year after his conviction became final.  For the first time on appeal, Bennett argues that a decision handed down by the United States Court of Appeals for the Third Circuit in *Mack v. Superintendent Mahoney SCI*[6] created a "new rule of retroactive right" sufficient to excuse his procedural default under Rule 61.  We generally will not entertain an argument raised for the first time on appeal.[7]

---

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[4] Del. Super. Ct. Crim. R. 61(i)(1).
[5] Del. Super. Ct. Crim. R. 61(d)(2).
[6] 714 F. App'x 151 (3rd Cir. 2017).
[7] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

3

In any event, Bennett's argument is unavailing. The *Mack* decision did not create a new rule of constitutional law; the Third Circuit merely applied the United States Supreme Court precedent of *Martinez v. Ryan*[8] to the facts before it.[9] We have previously held that *Martinez* did not create a newly-recognized retroactive right to counsel entitling a movant to overcome Rule 61's procedural bars.[10]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[8] 566 U.S. 1 (2012).

[9] *Mack*, 714 F. App'x, at 152 ("We too agree that *Martinez* applies . . . .").

[10] *Roten v. State*, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013) ("*Martinez* does not hold that there is a federal constitutional right to counsel in first postconviction proceedings.").