IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RALPH REED, | § | |
| | § | |
| Defendant Below, | § | No. 165, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9911018706 |
| | § | |
| Appellee. | § | |

Submitted: August 15, 2024
Decided: October 9, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Ralph Reed, appeals from a Superior Court order denying his third motion for postconviction relief under Superior Court Criminal Rule 61. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Reed's opening brief that the appeal is without merit. We agree and affirm.

(2) A Superior Court jury convicted Reed of first-degree murder and possession of a firearm during the commission of a felony. The charges arose from

the fatal shooting of Gregory Howard on November 23, 1999,[1] when Reed was eighteen years old.  The Superior Court sentenced him to life imprisonment without parole for the murder conviction and twenty years for the firearm conviction.  This Court affirmed on direct appeal.[2]

(3)     Reed has filed two prior unsuccessful motions for postconviction relief, the first in 2004[3] and the second in 2013.[4]  In November 2023, he filed a third motion for postconviction relief.  The Superior Court denied the motion as procedurally barred under Superior Court Rule of Criminal Procedure 61, and Reed has appealed to this Court.  We review the Superior Court's denial of a motion for postconviction relief for abuse of discretion, although we review legal or constitutional questions *de novo*.[5]

(4)     We first address the issue of which version of Rule 61 applies.[6]  "This Court repeatedly has held that a motion for postconviction relief is to be adjudicated in accordance with Rule 61 as it exists at the time the motion is filed."[7]  Nevertheless, Reed contends that we should apply the version of Rule 61 that was in effect before

---

[1] *Reed v. State*, 2001 WL 819587, at *1 (Del. July 12, 2001).
[2] *Id.*
[3] *State v. Reed*, 2005 WL 2615630 (Del. Super. Ct. Oct. 5, 2005), *aff'd*, 2006 WL 1479763 (Del. May 26, 2006).
[4] *Reed v. State*, 2013 WL 5346312 (Del. Sept. 20, 2013).
[5] *Durham v. State*, 2023 WL 1488456, at *1 (Del. Feb. 2, 2023).
[6] *Cf. id.* ("The Court considers the procedural requirements of Rule 61 before addressing any substantive issues.").
[7] *Purnell v. State*, 254 A.3d 1053, 1094 (Del. 2021).

the rule was amended in 2014.[8]  He argues that applying the revised version of Rule 61 violates federal due process requirements because the 2014 amendments of Rule 61 became effective without fair notice of the changes to the procedural bars.  This argument is unavailing in the circumstances of this case, in which Reed's first and second motions for postconviction relief were considered under the pre-2014 version of Rule 61 and Reed is pursuing a third motion for postconviction relief filed nine years after the Rule 61 procedural bars were amended.[9]  We therefore consider whether Reed's claims overcome the procedural bars as set forth in Rule 61 as it existed in November 2023, when Reed filed his third motion for postconviction relief.

(5)     Under that rule, Reed's successive motion for postconviction relief was subject to summary dismissal unless it pleaded with particularity either (i) the existence of new evidence that creates a strong inference of actual innocence or that (ii) "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to

---

[8] *See id.* at 1094 & n.185 (explaining that the 2014 amendments to Rule 61 eliminated "an exception to the application of the procedural bars involving colorable claims of a miscarriage of justice").

[9] *Cf. id.* at 1094-95 & notes 184-87 (discussing appellant's argument that federal due process considerations required application of pre-2014 version of Rule 61 to appellant's second Rule 61 motion, filed in 2018, but declining to decide the issue because the appellant's claims satisfied the requirements set forth in the revised rule).

[Reed's] case and renders the conviction or death sentence invalid."[10] Reed does not claim that there is new evidence of his actual innocence; rather, he contends that his claims satisfy Rule 61(d)(2)(ii). We conclude that they do not.

(6) Reed argues that his procedural default should be excused under the decision of the United States Court of Appeals for the Third Circuit in *Mack v. Superintendent Mahonoy SCI*,[11] because Reed purportedly was not represented by counsel in his earlier postconviction proceedings. As an initial matter, Reed's position is belied by the record, which reflects that Reed was represented by counsel during his first postconviction proceeding.[12] Moreover, this Court held in *Bennett v. State*[13] that *Mack* "did not create a new rule of constitutional law; the Third Circuit merely applied the United States Supreme Court precedent of *Martinez v. Ryan* to the facts before it."[14] And, in any event, both *Mack* and *Martinez* were decided more

---

[10] DEL. SUPER. CT. R. CRIM. PROC. 61(d)(2); *see also id.* R. 61(i)(1)-(5) (establishing bars to postconviction relief and providing that the bars "shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule"). All references and citations to Rule 61 in this order are to the version of Rule 61 that was in effect from April 6, 2017, through December 31, 2023.

[11] 714 Fed. Appx. 151 (3d Cir. 2017).

[12] *See State v. Reed*, 2005 WL 2615630, at *1 (Del. Super. Ct. Oct. 5, 2005) (stating that Reed's counsel entered an appearance and participated in the evidentiary hearing and briefing).

[13] 2019 WL 5105476 (Del. Oct. 11, 2019).

[14] *Id.* at *2 (footnote citing *Martinez v. Ryan*, 566 U.S. 1 (2012), omitted); *see also Rasin v. State*, 2019 WL 1410748, at *1 (Del. Mar. 27, 2019) ("As this Court has repeatedly held, a claim of ineffective assistance of postconviction counsel does not relieve a defendant of the burden of satisfying the requirements of Rule 61(d)(2) in order to avoid summary dismissal of a second or subsequent postconviction motion."); *Roten v. State*, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013) (stating that "*Martinez* does not hold that there is a federal constitutional right to counsel in first postconviction proceedings").

than one year before Reed filed his third motion for postconviction relief and therefore do not help Reed overcome the procedural bars.[15]

(7)    Reed also attempts to satisfy Rule 61(d)(2)(ii) by asserting two challenges to 11 *Del. C.* § 4209, the statute under which he was sentenced to life in prison without parole. First, he contends that this Court's decision in *Rauf v. State*[16] struck down Section 4209 as unconstitutional. In *Rauf*, this Court held that "Delaware's current death penalty statute violates the Sixth Amendment role of the jury as set forth in *Hurst*."[17] In *Powell v. State*, this Court held that *Rauf* applied retroactively to cases on collateral review.[18] But *Rauf* and *Powell* do not "appl[y] to [Reed's] case and render[] the conviction or death sentence invalid,"[19] because Reed received a sentence of life imprisonment, not a death sentence.[20]

---

[15] *See* DEL. SUPER. CT. R. 61(i)(1) (barring a motion for postconviction relief that "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final" if the motion is filed "more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court").

[16] 145 A.3d 430 (Del. 2016).

[17] *Rauf*, 145 A.3d at 433 (referring to *Hurst v. Florida*, 577 U.S. 92 (2016)). Rauf was charged with a murder that occurred on August 23, 2015. Reed was convicted of a crime that occurred on November 23, 1999. Section 4209 was amended several times between 1999 and 2015. Because *Rauf* determined only that the death-penalty provisions of Section 4209 were unconstitutional and Reed was not sentenced to death, the differences between the versions of Section 4209 that applied to Rauf and to Reed are not material to whether Reed's claim satisfies Rule 61(d)(2)(ii).

[18] 153 A.3d 69, 76 (Del. 2016).

[19] DEL. SUPER. CT. R. CRIM. PROC. 61(d)(2)(ii).

[20] *See Garvey v. State*, 2018 WL 6824585 (Del. Dec. 26, 2018) (holding that successive motion for postconviction relief was procedurally barred and stating: "[A]lthough *Rauf* and *Powell* set forth a new rule of constitutional law, those decisions do not apply to invalidate Garvey's conviction or sentence. As we have held many times, *Rauf* did not strike down the entirety of the first-degree murder statute—it struck down only the death penalty portion. Because Garvey was not sentenced to death, but received a sentence of life imprisonment, *Rauf* and *Powell* do not apply to Garvey's case." (citations omitted)); *see also Brice v. State*, 2024 WL 3710504 (Del. Aug. 7,

(8) Second, Reed argues that Section 4209 is unconstitutional as applied to him because he was eighteen at the time of his crime and Section 4209 did not provide the sentencing judge with discretion to impose a lesser sentence than life without parole. At the time of Reed's offense, Section 4209(a) provided: "Any person who is convicted of first-degree murder shall be punished by death or by imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction . . . ."[21] In 2012, the United States Supreme Court held in *Miller v. Alabama* that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[22] In lieu of mandatory life without parole sentences for juveniles, "*Miller* required that sentencing courts consider a child's 'diminished culpability and heightened capacity for change' before condemning him or her to die in prison."[23] In 2016, the Court held in *Montgomery v. Louisiana* that *Miller* applies retroactively in cases on collateral review.[24]

(9) Reed argues that, under the reasoning of *Miller*, Section 4209 is unconstitutional as applied to youthful offenders who, like him, were between the

2024) (affirming denial of successive motion for postconviction relief and stating that *Powell* "did not create a new, retroactively applicable rule of constitutional law requiring the vacatur of the appellant's life sentence").

[21] 11 *Del. C.* § 4209(a) (1999).

[22] 567 U.S. 460, 465 (2012).

[23] *Montgomery v. Louisiana*, 577 U.S. 190, 195 (2016) (quoting *Miller*, 567 U.S. at 479).

[24] *Id.* at 206.

ages of eighteen and twenty when they committed their crimes. Indeed, some state supreme courts have extended *Miller*'s reasoning to "emerging adult" offenders between the ages of eighteen and twenty, holding that such offenders may never be sentenced to life without the possibility of parole[25] or that such a sentence may be imposed only if the sentencing court determines that the sentence is appropriate after individualized consideration of the "mitigating characteristics of youth."[26] But neither this Court nor the United States Supreme Court has held that a sentencing scheme mandating a sentence of life without parole for first-degree murder is unconstitutional as applied to an eighteen-year-old offender, and this argument therefore does not satisfy Rule 61(d)(2)(ii).[27]

---

[25] *See Commonwealth v. Mattis*, 224 N.E.3d 410, 428 (Mass. 2024) (holding, under Massachusetts state constitution, that "it is unconstitutional to sentence individuals from eighteen to twenty years of age to life without the possibility of parole"). *Cf. also id.* at 427-28 (stating that twenty-two states and the District of Columbia "do not mandate life without parole in any circumstance," the "United Kingdom has banned life without parole for any offender under twenty-one years of age at the time of the offense," and "in 2022, the Supreme Court of Canada unanimously ruled that life without parole sentences were unconstitutional for all offenders, regardless of age").

[26] *People v. Parks*, 987 N.W.2d 161, 165, 171 (Mich. 2022) (holding that mandatory sentence of life without parole for eighteen-year-old offender violated the Michigan Constitution's ban on "cruel or unusual" punishment); *In re Monschke*, 482 P.3d 276, 288 (Wash. 2021) ("There is no meaningful cognitive difference between 17-year-olds and many 18-year-olds. When it comes to *Miller*'s prohibition on mandatory [life without parole] sentences, there is no constitutional difference either. Just as courts must exercise discretion before sentencing a 17-year-old to die in prison, so must they exercise the same discretion when sentencing an 18-, 19-, or 20-year-old.").

[27] *See Shah v. State*, 2018 WL 2110995, at *1 (Del. May 7, 2018) (affirming denial of successive motion for postconviction relief and stating that the "Superior Court did not err when ruling that the *Miller* holding, although retroactively applicable in appropriate cases, did not apply in Shah's case because Shah was eighteen years old when he committed the offense"). *Cf. also Fatir v. State*, 2016 WL 3525273, at *2 (Del. May 24, 2016) (rejecting argument that mandatory life without parole sentence for appellant who was twenty-two at the time of his crime was unconstitutional).

(10) Finally, Reed also asserts that his counsel provided ineffective assistance by failing to raise a *Batson*[28] claim, challenge the voir dire, or investigate and subpoena certain witnesses. These contentions are not based on any new rule of constitutional law and therefore are procedurally barred.[29]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[28] *Batson v. Kentucky*, 476 U.S. 79 (1986).
[29] *See* DEL. SUPER. CT. R. CRIM. PROC. 61(d)(2)(ii) (providing that a successive motion for postconviction relief is not subject to summary dismissal if it pleads with particularity that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid"); *id.* R. 61(i)(1) (barring a motion for postconviction relief that "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final" if the motion is filed "more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court").